# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 26, 2020

Lyle W. Cayce
Clerk

No. 19-50852
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CESAR HERNANDEZ-MARQUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:19-CR-68-1

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:*

Following a bench trial, Cesar Hernandez-Marquez was convicted of illegal reentry after removal, a violation of 8 U.S.C. § 1326. He appeals the denial of his motion to quash the indictment.

Relying on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), Hernandez-Marquez argues that the notice to appear (NTA) that initiated his prior removal proceeding was defective because the NTA did not specify a date and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50852

time for the removal hearing.  According to Hernandez-Marquez, his order of removal and the subsequent reinstatement of that order of removal are invalid because the NTA's failure to specify a hearing date and time deprived the immigration court of jurisdiction to order his removal.

The Government has filed a motion for summary affirmance, arguing that Hernandez-Marquez's challenge is foreclosed by *United States v. Pedroza-Rocha*, 933 F.3d 490 (5th Cir. 2019), *cert. denied,* 2020 WL 2515686 (U.S. May 18, 2020) (No. 19-6588), and *Pierre-Paul v. Barr*, 930 F.3d 684 (5th Cir. 2019), *cert. denied*, 2020 WL 1978950 (U.S. Apr. 27, 2020) (No. 19-779).  Summary affirmance is proper if the position of one party is "clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

The Government's position is clearly right as a matter of law under *Pedroza-Rocha* and *Pierre-Paul*.  Hernandez-Marquez's NTA was not defective for failing to state a hearing date and time, and his order of removal based on that NTA was not invalid for lack of jurisdiction.  *See Pedroza-Rocha*, 933 F.3d at 496-98; *Pierre-Paul*, 930 F.3d at 689-93.  Thus, Hernandez-Marquez's basis for challenging his removal order is foreclosed.  Accordingly, we need not address his arguments about whether he otherwise met § 1326(d)'s requirements for bringing a collateral attack on the removal order and whether § 1326(d) is unconstitutional.

The Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.